# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:07CV42
### (1:02CR18-1)

LUIS OMAR TORRECILLA,    )
                          )
      Petitioner,    )
                          )
     vs.           )     **ORDER OF DISMISSAL**
                          )
                          )
UNITED STATES OF AMERICA, )
                          )
      Respondent.   )
                          )

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed January 26, 2007, and a letter from the Petitioner filed January 30, 2007, which is construed as a motion for voluntary dismissal of the petition. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**

On February 5, 2002, the Petitioner and his co-Defendant were charged in a three-count bill of indictment with conspiracy to possess with intent to distribute cocaine, using a firearm during and in relation to a drug trafficking offense, and money laundering. **Bill of Indictment, filed February 5, 2002.** On May 1, 2002, the Petitioner entered a plea of guilty to the conspiracy charge (Count One) pursuant to a plea agreement, and on January 29, 2003, the undersigned sentenced the Petitioner to a term of 144 months of imprisonment.[1] **Judgment in a Criminal Case, filed March 11, 2003.** The Petitioner did not file an appeal of his conviction and/or sentence. Therefore, the Petitioner's conviction became final on March 21, 2003. ***United States v. Wilson*, 256 F.3d 217, 221 (4ᵗʰ Cir. 2001) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999));**

---

[1]Pursuant to the plea agreement, the Government dismissed the remaining counts of the indictment. **See Plea Agreement, filed April 1, 2002.**

*United States v. Walker*, 194 F.3d 1307 (table), 1999 WL 760237 (4ᵗʰ

Cir. 1999) (citing *Adams v. United* States, 173 F.3d 1339, 1343 n.2 (11ᵗʰ

Cir. 1999)). Petitioner signed his § 2255 motion on January 22, 2007, and

same was filed in this Court on January 26, 2007.

> Prior to the Antiterrorism and Effective Death Penalty Act
> (AEDPA), a prisoner possessed virtually unlimited amounts of
> time to file a first petition for collateral review under 28 U.S.C.
> §§ 2254 and 2255. In an attempt to curb the protracted nature
> of such litigation, Congress established a one-year period of
> limitations. . . . In relevant part, the AEDPA amended § 2255
> by adding the following language:
>
>> A 1-year period of limitation shall apply to a motion
>> under this section. The limitation period shall run
>> from the latest of -
>>> (1) the date on which the judgment of conviction becomes
>>> final; . . . .
>
> We are left with the question of when a judgment is to be
> considered final. The Supreme Court has addressed the
> question of finality in the context of retroactivity. The Court
> defined a conviction as being final when "a judgment of
> conviction has been rendered, the availability of appeal
> exhausted, and the time for a petition for certiorari elapsed or a
> petition for certiorari finally denied."

*Gendron v. United States*, 154 F.3d 672, 673-74 (7ᵗʰ Cir. 1998) (quoting

*Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). Because the motion

was filed almost four years after the Petitioner's conviction became final,

the undersigned, therefore, concludes this motion is untimely filed. *Id.*

4

In his letter of January 25, 2007, the Petitioner asks the Court to "stop" his § 2255 motion because he has "others (sic) grounds to ad (sic) to the motion." Because his initial petition is untimely, any amendments thereto would be futile.

**IT IS, THEREFORE, ORDERED** that the Petitioner's letter filed January 30, 2007, is construed as a motion for voluntary dismissal, and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence is hereby **DISMISSED WITH PREJUDICE.**

Signed: February 13, 2007

Lacy H. Thornburg
United States District Judge